

THE ATTORNEY GENERAL

OF TEXAS

JOHN L. HILL
ATTORNEY GENERAL

AUSTIN, TEXAS 78711

December 17, 1976

The Honorable Ted Butler
Criminal District Attorney
Bexar County Courthouse
San Antonio, Texas   78205

Opinion No. H-910

Re:  County payments of
court-ordered fees to
appointed defense attorneys.

Dear Mr. Butler:

You have posed five questions concerning article 26.05, Texas Code Criminal Procedure, which specifies:

> Section 1.  A counsel appointed to defend a person accused of a felony or misdemeanor punishable by imprisonment, or to represent an indigent in a habeas corpus hearing, shall be paid from the general fund of the county in which the prosecution was instituted or habeas corpus hearing held, according to the following schedule:
>
> . . . .
>
> Sec. 2.  The minimum fee will be automatically allowed unless the trial judge orders more within five days of judgment.

Two of your questions ask whether it is mandatory that the commissioners court pay the fees set by the trial court, first where the commissioners court finds the fees to be reasonable, and second where it finds them to be unreasonable.

These questions were answered in Attorney General Opinion H-499 (1975), where we said in summary:

p. 3817

> The commissioners court of a county is under a duty to budget and order paid the amount of any reasonable attorney's fee properly set by a criminal court judge pursuant to article 26.05, Tex. Code Crim. Proc., for the representation of indigent defendants. The trial judge's order can be overturned only on a showing that it was so arbitrary, unreasonable and capricious as to amount to an abuse of discretion. Id. at 4.

If the fee properly set by the trial court is reasonable, it is mandatory that the commissioners court pay it; if the fee is unreasonable, the commissioners court may refuse to pay it but the burden of proving its unreasonableness will fall upon the resisting commissioners court. Cf. Commissioners' Court of Hays County v. District Judge, 506 S.W.2d 630 (Tex. Civ. App. -- Austin 1974, writ ref'd n.r.e.); Commissioners Court of Lubbock County v. Martin, 471 S.W.2d 100 (Tex. Civ. App. -- Amarillo 1971, writ ref'd n.r.e.).

Your third question asks whether the county auditor and county treasurer may issue warrants to pay such court-ordered fees without the approval of the commissioners court.

The county auditor and the treasurer have no authority to issue warrants to pay such fees without the approval of the commissioners court, whether or not funds are available in a properly budgeted account from which such fees might be paid. See Attorney General Opinions H-171 (1973), O-5049 (1943). See also Padgett v. Young County, 204 S.W. 1046 (Tex. Civ. App. -- Ft. Worth 1918), writ dism'd, 229 S.W. 459 (Tex. Sup. 1921). Cf. V.T.C.S. arts. 1659a, 1660, 1661, 1637, 2351; Smith v. McCoy, 533 S.W.2d 457 (Tex. Civ. App. -- Dallas 1976, writ dism'd).

Next, you ask if the commissioners court has any discretion in approving the annual budget recommendation made by the county auditor regarding the amount budgeted for court-ordered fee payments to court-appointed lawyers.

As the statutorily designated chief budget officer for the Commissioners Court of Bexar County, it is the duty of the county auditor annually to prepare a budget to be acted upon by the commissioners court after a public hearing. V.T.C.S. art. 1666a. The statute provides, however, that the "[commissioners] [c]ourt shall have authority to make such changes in the budget as in its judgment the facts and the law warrant and the interest of the taxpayers demand . . . ." See Attorney General Opinion M-678 (1970).

Where the Legislature has specially committed to others the final determination of the county budget regarding particular items, the court's article 1666a authority to change the proposed budget is restricted. Commissioners' Court of Hays County v. District Judge, supra; Commissioners Court of Lubbock County v. Martin, supra; Attorney General Opinions M-708 (1970), M-584 (1970). Cf. Attorney General Opinion M-759 (1970). But we do not believe the Legislature has withdrawn from the commissioners court its article 1666a discretion to disapprove or modify the budget recommendation made by the county auditor with regard to an account for court-ordered defense fees. Cf. Attorney General Opinion M-1056 (1972). Accordingly, we answer your fourth question in the affirmative.

Your last question assumes that the county commissioners court has budgeted an insufficient amount to pay court-ordered defense fees and that although funds in that account have been totally depleted, trial judges are continuing to approve and order payment of fees to court-appointed defense lawyers. Your question also assumes that unbudgeted revenues are available. You ask if it is mandatory in that situation for the commissioners court to approve an "emergency budget amendment" submitted by the county auditor appropriating unbudgeted funds to the depleted account to cover antici-pated court-ordered fee payments for the remainder of the budget period.

The commissioners of counties with a population of 350,000 or under may, if certain circumstances exist, amend the budget to provide for emergency expenditures that will increase the total budget. V.T.C.S. art. 689a-11; Rains v. Mercantile National Bank at Dallas, 188 S.W.2d 798 (Tex. Civ. App. -- El Paso 1945), aff'd, 191 S.W.2d 850 (Tex. Sup. 1946); Attorney General Opinion O-6220 (1944). We

find no similar provision authorizing the commissioners of Bexar County to add unbudgeted funds to the budget in mid-year.  Article 1666a provides that the commissioners court of counties over 225,000 in population "may upon proper application transfer an existing budget surplus during the year to a budget of like kind and fund, but no such transfer shall increase the total of the budget." (Emphasis added).  We infer from the Legislature's refusal to permit transfers that would increase the total of the budget an intent to prohibit amendments that would increase the total budget, as would the proposed appropriation of unbudgeted funds to the attorneys' fees account.  See Attorney General Opinion M-678 (1970).

Thus, since the commissioners court may not adopt the proposed amendment, it cannot be compelled to adopt it. However, it may reallocate funds according to the provisions of article 1666a.  It is mandatory that the county pay the fees properly ordered by the trial courts.  Attorney General Opinion H-499 (1975).  See generally Wichita County v. Griffin, 284 S.W.2d 253 (Tex. Civ. App. -- Ft. Worth 1955, writ ref'd n.r.e.); Guerra v. Rodriguez, 274 S.W.2d 715 (Tex. Civ. App. -- Austin 1955, writ ref'd n.r.e.); Attorney General Opinion H-12 (1973).

### S U M M A R Y

It is mandatory that the Bexar County Commissioners Court pay the fees for court appointed defense counsel properly ordered by trial courts, unless the fees set are so arbitrary, unreasonable and capricious as to result from an abuse of discretion.  The Commissioners Court of Bexar County may not add money to the budget in mid-year to pay for indigent representation, but it may transfer excess funds from other accounts in accordance with the provisions of article 1666a.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jwb